IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

REGINALD S. GATES                    *

    Plaintiff,                     *

       v.                          *            3:09-CV-480-WHA
                                    (WO)
LEE COUNTY, *et al.*,                 *

    Defendants.                    *

_____


**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Lee County Detention Center, filed this 42
U.S.C. § 1983 complaint, as amended, on May 22, 2009.[1]  He complains that the conditions
of his confinement at the county jail violate his constitutional rights.  Plaintiff names as
defendants Lee County, Alabama, Dr. McFarland, Mr. Cobb, Mr. Lyale, Mr. Hill, Mr. Jones,
Mrs. Cooper, Sheriff Jay Jones, and Captain Welcher.  Upon review of Plaintiff's complaint,
the court finds some of the claims and defendants are due to be dismissed prior to service
under 28 U.S.C. § 1915(e)(2)(B).[2]

---

[1]     By order entered May 27, 2009 the court directed Plaintiff to file an amended complaint. The
order further informed Plaintiff that  the amended complaint filed in compliance with tthe May 27 order
would  supersede the original complaint.  (*See Doc. No. 3*.)

[2]     A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint
screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure
requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the
complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks
monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

### A. Visitation

Plaintiff alleges that Defendants violated his constitutional rights by not allowing him visitation privileges with his family because they were not on the visitation list. Neither prisoners nor their would-be visitors have a constitutional right to prison visitation. *Kentucky Department of Corrections v. Thompson*, 490 U.S. 454 (1989). Consequently, the court concludes that this claim is due to be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319 (1989).

### B. Food

Plaintiff complains that he is served leftover food at the jail. A prison official has a duty under the Eight Amendment to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.' " [3] *Farmer v.*

---

[3] Plaintiff's status as a convicted inmate or pretrial detainee is unclear at this juncture. The Fourteenth Amendment, rather than the Eighth Amendment, provides the appropriate standard for assessing whether conditions of confinement imposed upon a pretrial detainee are violative of the Constitution. *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861 (1979); *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997); *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996) ("Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause...."). However, for analytical purposes, there is no meaningful difference between the analysis required by the Fourteenth Amendment and that required by the Eighth Amendment. *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985); *Cottrell*, 85 F3d at 1490 ("[T]he applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees."). Thus, the undersigned relies on cases interpreting the Eighth Amendment's prohibition against cruel and unusual punishment and not the Fourteenth Amendment's guarantee of due process when addressing Plaintiff's conditions claim because the standard for violations of the Eighth Amendment applies to pretrial detainees through the Due Process Clause of the Fourteenth Amendment. *Tittle v. Jefferson County Commission*, 10 F.3d 1535, 1539 (11th Cir. 1994) (observing "[w]hether the alleged violation is reviewed under the Eighth or

*Brennan,* 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer,* 468 U.S. 517, 526-27 (1984)).  In order to demonstrate an Eighth Amendment violation with respect to conditions of confinement, a prisoner must satisfy both an objective and a subjective inquiry.  *Farmer*, 511 U.S. at 834.  The objective component requires an inmate to prove that  he was denied the "minimal civilized measure of life's necessities."  *Id*.  The challenged prison condition must be "extreme" and must pose "an unreasonable risk of serious damage to his future health."  *Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004).   The subjective component requires a prisoner to prove that the prison official acted with "deliberate indifference" in disregarding that risk by showing that an official knew the inmate faced a "substantial risk of serious harm" and with such knowledge, disregarded that risk by failing to take reasonable measures to abate it.  *Farmer*, 511 U.S.  at 828, 834, 837.

In this case, Plaintiff conclusorily alleges  that he is subjected to unconstitutional conditions of confinement at the Lee County Detention Center because he is served leftovers, a common food staple in many a household around the world.  Plaintiff fails to allege much less indicate, however, how the condition about which he complains causes him serious harm.  Additionally, he has failed to produce evidence which shows that Defendants knew of an obvious risk of serious harm to him and disregarded that risk, *Farmer* 511 U.S. at 837, or  that Defendants' actions resulted in the denial of the minimal civilized measure of life's necessities.  *Rhodes v Chapman*, 452 U.S. 337,  347 (1981).   Because this allegation fails

---

Fourteenth Amendment is immaterial.").

to state a claim upon which relief may be granted, it is due to be dismissed under 28 U.S.C.

§ 1915(e)(2)(B)(ii).

C.  *Threats*

Plaintiff complains that Officer Cobb threatened to kill him.  The law is settled that

verbal harassment and abuse and mere threatening language and gestures of a custodial

officer do not amount to a constitutional violation.  *McFadden v. Lucas*, 713 F.3d 143, 146

(5th Cir. 1983); *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973).  Consequently, the

remarks Plaintiff attributes to Defendant Cobb will not support a claim of violation of his

constitutional rights.    Because this claim lacks an arguable basis in law, it is due to be

dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Neitzke*, 490 U.S. 319.

D.  *Lee County, Alabama*

Plaintiff names Lee County as a  defendant to this action. To the extent Plaintiff

maintains that Lee County is liable to him under 42 U.S.C. § 1983 for the actions of the

Sheriff of the Lee County Detention Facility in the daily operation of the jail, he is entitled

to no relief.  "A local government may be held liable under § 1983 only for acts for which

it is actually responsible, 'acts which the [local government] has officially sanctioned or

ordered.'  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80, 106 S.Ct. 1292, 1298, 89

L.Ed.2d 452 (1986) (citing *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 98

S.Ct. 2018, 56 L.Ed.2d 611 (1978))."  *Turquitt v. Jefferson County*, 137 F.3d 1285, 1287

(11th Cir. 1998).  In deciding whether a county and/or its commissioners is liable under §

1983, "[a] court's task is to 'identify those officials or governmental bodies who speak with

final policymaking authority for the local government actor concerning the action alleged to

have caused the particular constitutional or statutory violation at issue.'"  *McMillian v.*

*Monroe County*, 520 U.S. 781, 784-785  (1997) (quoting *Jett v. Dallas Independent School*

*Dist.*, 491 U.S. 701, 737 (1989)).  "[A]n Alabama sheriff acts exclusively for the state rather

than for the county in operating a county jail."  *Turquitt*, 137 F.3d at 1288.[4]

As is clear from the foregoing, "Alabama sheriffs are not county policymakers in their

daily management of county jails."  *Turquitt*, 137 F.3d at 1292.  "For § 1983 liability to

attach to a county [and/or its commission], the policy at issue must have been made by a

person who exercises final authority on behalf of the county with respect to that policy.  *See*

*McMillian*, 520 U.S. at [784-785], 117 S.Ct. at 1736.  Alabama law, however, clearly

demonstrates that sheriffs possess only state policymaking authority when running the

day-to-day affairs of a jail.  *See Turquitt*, 137 F.3d at 1291-92."  *Vinson v. Clarke County*,

10 F. Supp.2d 1282, 1295-1296 (S.D. Ala. 1998).  Furthermore, governmental entities, such

as Lee County, cannot be held liable under 42 U.S.C. § 1983 on a theory of *respondeat*

*superior.  See Monell,* 436 U.S. at 694. Instead, such entities may be held liable only for the

---

Under all facets of Alabama law, a county sheriff acts as a state officer "when supervising
inmates and otherwise operating the county jails."  *Turquitt*, 137 F.3d at 1289; *Parker v. Amerson*, 519
So.2d 442 (Ala. 1987) ("A sheriff is an executive officer of the State of Alabama" and as such "is not an
employee of a county for the purposes of imposing liability on the county."); *Ala. Code* § 14-6-1 (a
sheriff has "the legal custody and charge of the jail in his county and all prisoners committed thereto.");
*King v. Colbert County*, 620 So.2d 623, 625 (Ala. 1993) (*Ala. Code* § 14-6-1 establishes that "the
sheriff's authority over the jail is totally independent of the [county commission].)"

execution of a governmental policy or custom. *Id.; see also Canton v. Harris,* 489 U.S. 378,

385 (1989) ("[A] municipality can be found liable under § 1983 only where the municipality

*itself* causes the constitutional violation at issue. *Respondeat superior* or vicarious liability

will not attach under § 1983." (emphasis in original)). It is well-settled that an entity can be

held monetarily liable only through " 'a policy statement, ordinance, regulation, or decision

officially adopted and promulgated by that body's officers,' " or " 'for constitutional

deprivations visited pursuant to governmental 'custom' even though such a custom has not

received formal approval through the body's official decisionmaking body.' " *City of St.*

*Louis v. Praprotnik,* 485 U.S. 112, 121 (1988) (quoting *Monell,* 436 U.S. at 690-91).

In light of the foregoing, the court concludes that Lee County, Alabama, is not liable

under § 1983 for the actions about which Plaintiff complains.  The claims against  this

defendant are, therefore, due to be dismissed pursuant to the provisions of 28 U.S.C. §

1915(e)(2)(B)(i).

*E.  Defendants Lyale, Hill, Jones, Cooper, Sheriff Jones, and Welcher*

Plaintiff names Mr. Lyale, Mr. Hill, Mr. Jones, Mrs. Cooper, Sheriff Jay Jones, and

Captain Welcher as defendants. Plaintiff fails, however to state any claim whatsoever against

these individuals.  He merely lists these individuals as defendants in his complaint and does

not allege they were personally involved in the constitutional violations about which he

complains.[5] *See Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir.1974) (*per curiam*) (court

In the court's May 27, 2009 order directing Plaintiff to file an amended complaint, he was
advised that the amendment to his complaint must set forth **short and plain statements** showing why he

properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in caption). Accordingly, Plaintiff's complaint against Defendants Lyale, Hill, Jones, Cooper, Sheriff Jones, and Welcher is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's claims regarding visitation and verbal threats be DISMISSED be with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i);

2.  Plaintiff's claims regarding leftover food be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

3.   Plaintiff's claims against Lee County, Alabama, be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

4.  Plaintiff's claims against Defendants Lyale, Hill, Jones, Cooper, Sheriff Jones, and Welcher be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(i);

5.  Defendants Lee County, Alabama, Mr. Lyale, Mr. Hill, Mr. Jones, Mrs. Cooper, Sheriff Jones, and Welcher be DISMISSED as parties to the complaint; and

6.  This complaint with respect to Plaintiff's allegations of inadequate medical care and excessive force against Defendants McFarland and Cobb be referred back to the

---

is entitled to relief and be specific enough to put **each** defendant on notice of how their conduct allegedly violated Plaintiffs' constitutional rights.  (*See Doc. No. 3*.)

undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **June 22, 2009**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 8th day of June 2009.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE